Doyle, J.
This action is brought under favor of Revised Statutes,. 1778 (1536-668), by the plaintiff, a tax-payer of the village of Barberton. He requested the solicitor of that corporation to make the application for the relief sought herein, and, upon his failure so to do, brings this action himself pursuant to the provisions of that section of the statutes. The plaintiff says that the council of the village of Barberton at its regular meeting preceding the filing of the petition herein, requested and instructed the defendant, George Davis, clerk of said village, by resolution, to publish the ordinances, resolutions, notices and advertisements requiring publication, in a newspaper known as the Independent.
The demurrer of the defendant, George Davis, clerk of the village of Barberton, to the petition, raises the question of’ who has the authority in a village to choose the newspapers in which to publish the resolutions and ordinances of the council which are required by statute to be published. For the purpose of submitting this case on the demurrer the- plaintiff in open court admitted that the newspaper known as the Independent is a Democratic newspaper published and of general circulation in the village of Barberton, and that the petition should be considered as containing that allegation.
*282 Section 196 of municipal code (Revised Statutes, 1536-850), provides that councils of villages shall be governed so far as applicable by the provisions of Sections 119 to 125 inclusive of the municipal code; (Revised Statutes, 1536-612, 1536-613, 1536-614, 1536-617, 1536-618, 1536-619, 1536-626), which are the provisions governing city councils.
Section 124 of municipal code (Revised Statutes, 1536-619), provides that in passing, recording, publishing and authenticating ordinances, council "shall be governed by Revised Statutes 1694, 1695, 1696, 1697, 1698 and 1699 '(1536-620, 1536-621, 1536-622, 1536-623, 1536-624, 1536-625).”
Section 124 further provides that—
"All ordinances and resolutions requiring publication shall be published in two newspapers of opposite politics, published and of general circulation in such municipality.”
Revised Statutes, 1695 (1536-621) provides that—
"Ordinances of a general nature, or providing for improvements, shall be published in some newspaper of general circulation in the corporation; if a daily twice, and if a weekly once, before going into operation.”
Nowhere does the Legislature specifically direct the board or officer who shall cause the publication of the ordinances. The council in this. case • has taken it to be the prerogative of that body to prescribe the newspapers which shall publish them, and the plaintiff insists that its action is without warrant or authority.. In support .of the demurrer, it was urged that it was the peculiar prerogative of the clerk to hand out these publications to.the newspapers óf his choice.
The Legislature seems .to- have been more intent on bringing about the publicity of municipal- legislation and the means of effecting it,, than in specifically. directing who should designate the medium of that publicity. Like the -corporate person whose legislative and governing body it, is,.the council has-no authority outside that granted it by the Legislature, either expressly or by fair implication,, by the law which creates it or by other statutes applicable to it. :
*283 The proceedings of the council must be within the powers conferred upon it, and in .substantial conformity with the statutes regulating such powers (Elyria Gas & Water Co. v. Elyria, 57 Ohio St., 374). And also strictly within such other powers as are necessary to carry out the powers expressly granted. Collins v. Hatch, 18 Ohio, 523; Ravenna v. Pennsylvania Co., 45 Ohio St., 118; Bancroft v. Wall, 29 Bull., 306.
In addition to the powers conferred on councils of cities by Section 123 of the municipal code (Revised Statutes 1536-618), which are legislative only, the councils of villages perform many of the duties and powers which in cities devolve upon the board of public service.
Revised Statutes, 1678 (1536-615), provides that the council of villages “shall have the management and control of the finances and property of the corporation, except as may b.e otherwise provided, and have, such other powers and perform such otlier duties as may-bai'conf erred by law.”
•Section 198 of the municipal code (Revised Statutes, 1536-852) provides that contracts made by the council of a village shall be made subject to the rules governing boards of public service in Sections 143 and 144 of the municipal code (Revised.Statutes, 1536-679, 1536-680).
The councils of villages have, therefore, by fair implication, the making of all contracts for the village, not specifically given to some other officer or board. If the giving of the publication of an ordinance to a newspaper be the making of a contract, it surely comes within the power of the council exclusively to make such contract, and the directing of its clerk to cause the publication of its ordinance in a designated newspaper is one of the steps in the exercise of this power.
Now, how does the clerk claim the right to place the advertising of the village? If at all, he must have it by some express provision of the statutes, or by a fair implication that it is a necessary incident to some of his express duties or powers. Ordinarily, by modern custom and understanding a clerk is one who is employed in the use of the pen, keeping record and accounts. The name is synonymous with secretary. He is always an officer subordinate to a higher officer, board or corporation. His rela *284 tions to the legislative and administrative power of the villages are clerical. His duties are prescribed in Section 201 of the municipal code (Revised Statutes, 1536-855) and these do not confer any power to cause the advertisement of any of the proceedings of the council. Nowhere in the statutes is there imposed on the clerk the power of choosing the medium for publishing the ordinances of the council.
He is expressly empowered to publish his annual statement of the financial transactions of the corporation, and its outstanding liabilities by Revised Statutes, 1756 (1536-647).
The statute makes it the duty of the clerk to certify or record the publications made in newspapers (Revised Statutes, 1696 (1536-625), and also the publications made by posting the same, when no newspaper is published in the corporation. Revised Statutes, 1697 (1536-623).
But, because in these instances, or in any others he may be specially authorized to publish, it can not be inferred that he is empowered to attend to all the advertising except under the direction and supervision or sufferance of the council.
A municipal corporation is a body politic and corporate of the inhabitants of a district created by authority of the government, authorized to exercise specified powers of legislation and regulation with respect to local concerns. The distinguishing feature, however, is the power of local government established to assist.in the local government of the country. Were the custom of the town meeting existing in Barberton, the people would meet at stated times, and legislate for the village, and directly administer the affairs of the corporation; but under our system of local government this power is delegated to the council and other officials elected by the electors of the village. The executive officers have their duties specifically provided by statute, and the entire legislative power is left in the hands of the council. The executive officers are charged with the duty of enforcing the ordinances of the council and obeying its ordinances and by-laws.
The council is therefore the governing body of the corporation. The executive officers are subordinate to it, except when otherwise provided by statute. The clerk is an officer of the council and bound to obey it sorders (State v. Henderson, 38 Ohio *285 St., 644, 650). It is an evident proposition that the council should direct in what newspaper its publishing should be done within the rules prescribed by the Legislature, and especially in this case where the publishing of its ordinances and resolutions is necessary to make them valid, and is a necessary incident of legislation by the council.
J. V. Welsh, for plaintiff.
C. M. Karch, City Solicitor, S. C. Miller, A. J. Rowley and S. G. Rogers, contra.
The demurrer to the petition is therefore sustained, on the ground that the council of the village of Barberton has the right to choose the newspapers in which its ordinances and resolutions shall be published; subject to the provisions of Section 124 of the municipal code (Revised Statute 1536-619) and to direct where all other publications shall be made except where the statute expressly provides for the same being done by some other official.
■ The technical objection that the plaintiff has not averred in his petition that the suit is brought in behalf of the corporation, as required by Revised Statute 1778 (1536-668), would also be fatal to plaintiff (State v. Hinkle, 13 Dec., 165; Shaw v. Jones, 4 N. P., 372; Hensly v. Hamilton, 3 C. C., 201; Wood v. Pleasant Ridge, 12 C. C., 177; Miller v. Pearce, 2 C. S. C., 44, 51; but to save the parties the delays incident to amendments it was deemed best to pass upon the demurrer in the light of the main legal question at issue in the case.